Withers, J.
delivered the opinion of the Court.
We shall not discuss the question whether a defendant, filing a discount, may not offer testimony to support it, in answer to that which the plaintiff adduces to attack such discount; for the present occasion does not necessarily give rise to that question. It can scarcely be said that the real point of contest was upon discount, for it turned rather upon payment or satisfaction. However that may be, the matter of the second ground of appeal may be disposed of by observing that there was nothing in the testimony proposed to be offered on the part of defendant, by way of rejoinder to the plaintiffs, that would have been in conflict, or would have served to explain or weaken, the evidence of the plaintiffs. They relied on facts proved by Swann to warrant an inference by the jury that Lott had properly paid to the asylum the sum in controversy — that is, by authority of defendant, to be implied from circumstances. In the deposition of Swann, he did not “ pretend that Lott had any written authority to pay .to the lunatic asylum.” The testimony proposed by defendant was, that when this same witness was examined, in person, on a former trial, he had not then pretended to any such written authority. It is not perceived how such testimony would in any manner rebut what the plaintiffs had adduced, or in any degree explain, vary, or contradict what their witness had said on the present trial— or how it would advance the cause of defendant. •
It may be proper, perhaps, to make a remark upon the subject matter of the 3d ground of appeal. This case had been once before tried between these parties, and the plaintiffs appealed. Among other grounds taken by their counsel, one alleged that after the trial, written evidence in behalf of plain *183 tiffs, previously unknown, had been discovered, to wit, that a bond had been given by the defendant to the Regents of the Lunatic Asylum, upon which Lott had been defendant’s surety and had paid the debt. Now the complaint is, that this shall be taken as an acknowledgment by the plaintiffs that they had such a paper, and therefore that they .were bound to produce it, to prove defendant’s liability for the debt supposed to have been secured by it. It would, perhaps, be startling to hold that a party should be bound by every thing stated in grounds of appeal, as being admissions in the cause. But independent of this, if there really had been such a bond, the defendant must have known it — if he had satisfied the debt, then he had the bond, and might have produced it — or tracing it to the possession of plaintiffs, could have enforced its production by them. . One might suppose that the defendant could scarcely be anxious to see such a paper as that described in the plaintiff’s ground of appeal, for it must have utterly overthrown his defence — and when we remember that the plaintiffs had every motive to produce such a paper, if they could, it is out of the question to suppose that, if it existed, it was within their power. They sued upon a note, and for money paid, laid out, and expended; and therefore it cannot, of course, be pretended that the paper in question constituted any element in their cause. It would really seem that, considering the necessary effect of the production of such a paper, the surprise which the defendant alleges he endured because it was not forthcoming, should have been rather agreeable than otherwise.
No points proper for adjudication here seem to arise out of the 4th, 5th and 6th grounds of appeal.
The 7th complains that the jury, after they retired, sent for certain books and papers, without the knowledge of the Court or of defendant’s counsel. “ The fact in regard to this matter, as stated in the report, is, that the jury sent the Sheriff for and obtained the books kept by Lott, in his lifetime, to many items in which the witness Swann had referred. This was done at night, after the adjournment of the Court, it having been agreed that the verdict should be received the next day. Although nothing is seen in the transaction stated which ought to affect the verdict in this particular case, or wears the appearance of any design of unfairness, yet this Court desires it to be understood that in no instance should the Sheriff or. other person have any such intercourse with the jury as occurred in this instance, without leave of the presiding Judge.
*184 Upon the whole, we see nothing that warrants us in disturbing the verdict, and the motion is therefore dismissed.
The whole Court concurred.

Motion dismissed.